IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIR MARQUI SMITH,<br><br>        *Plaintiff*,<br><br>        v.<br><br>JOHN A. GEHRS, IV *et al.*<br><br>        *Defendants.* | Civil Action<br><br>No. 21-cv-3946 |

**ORDER**

**AND NOW**, this 27th day of April, 2023, upon consideration of Defendant's Motion to Dismiss (ECF No. 22), I find as follows:

**I.    PROCEDURAL HISTORY**

    1.    On February 14, 2022, Defendants filed a motion to dismiss Plaintiff's pro se complaint. (ECF No. 11.) Following a stay while Plaintiff unsuccessfully sought counsel, Plaintiff responded to the motion to dismiss but did not make substantive arguments. I ordered Plaintiff to provide a supplemental response by June 22, 2022. (ECF No. 15.) When Plaintiff did not provide one, I ordered Plaintiff to respond by January 5, 2023. (ECF No. 17.)

    2.    Plaintiff responded on January 24, 2023, roughly six-and-a-half months after the original deadline. (ECF No. 18.) Plaintiff's supplemental response attached information not described in Plaintiff's complaint. Because a court normally considers only information in a complaint when ruling on a motion to dismiss, I directed Plaintiff to file an amended complaint within fourteen days so that he could add his additional facts to it. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). That order further instructed Plaintiff that if he was unable to comply with

future deadlines, he must make "a timely request for an extension" and provide "an explanation for the delay." (ECF No. 19 ¶ 5.)

3.  After the deadline for filing an amended complaint passed, Defendants filed a motion requesting that Plaintiff's complaint be dismissed for the reasons stated in their original motion. (ECF No. 20.)

4.  Plaintiff did not respond to that motion within the fourteen-day deadline of Local Rule 7.1(c). Because Plaintiff had not been warned that failure to respond could result in dismissal, and in an abundance of caution, I denied Defendant's motion to dismiss without prejudice and directed Plaintiff to file an amended complaint by April 18, 2023. Plaintiff was warned that failure to do so could result in dismissal without further notice. (ECF No. 21.)

5.  Plaintiff has not filed an amended complaint as directed.

## II.   LEGAL STANDARD

6.  "[C]ourts may dismiss cases with prejudice for want of prosecution under Fed. R. Civ. P. 41(b) or under their inherent power so that they can manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994) (quotation marks omitted). In considering the appropriate course of action when a party has failed to comply with a court-ordered deadline, a court must ordinarily consider "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis deleted).

7. "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." Sebrell ex rel. Sebrell v. Philadelphia Police Dep't, 159 F. App'x 371, 374 (3d Cir. 2005). This may occur where a plaintiff "willfully refuse[s] to prosecute," "in contrast to situations in which … the plaintiff does not desire to abandon her case but has encountered problems in going forward." Spain, 26 F.3d at 455; see also Pa. Eastern District Local Civil Rule 7.1(c) (permitting motions to be granted as uncontested in the absence of a timely response).

### III. DISCUSSION

8. Plaintiff has twice been ordered to file an amended complaint and has not done so, nor has he asked for an extension or filed any document indicating an intent to submit a response in the future. It is therefore unclear whether Plaintiff desires to go forward with this lawsuit.

9. "[T]here is no way for this litigation to progress without [Plaintiff's] participation." Hague v. Pa. State Police Troop K Phila, No. 21-cv-1640, 2021 WL 4077947, at *3 (E.D. Pa. Sept. 8, 2021). While recognizing that dismissal is a "sanction of last resort" that should be sparingly imposed, presentation of this case on the merits is not possible if Plaintiff is not willing to engage in the litigation process. See Guyer v. Beard, 907 F.2d 1424, 1430 (3d Cir. 1990).

10. For this reason, I will dismiss Plaintiff's complaint for lack of prosecution.

**WHEREFORE**, it is hereby **ORDERED** that:

11. Defendant's motion to dismiss (ECF No. 22) is **GRANTED**.

12. Plaintiff's complaint is **DISMISSED** for lack of prosecution.

13. The Clerk of Court shall mark this case closed.

BY THE COURT:


*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**